# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**CHRISTOPHER T. DEDALIS,**

       **Plaintiff,**

       **v.**                           **Case No. 15-cv-1543**

**BROWN COUNTY JAIL,**
**HSU DEPARTMENT, and**
**JOHN AND JANE DOES 1-10,**

       **Defendants.**

---

## SCREENING ORDER

Plaintiff, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was incarcerated at the Brown County Jail. This matter is before me on plaintiff's motion for leave to proceed without prepaying the full filing fee and for screening of his complaint.

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without pre-paying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee. On January 15, 2016, I assessed an initial partial filing fee of $7.11. Plaintiff paid that fee on February 24, 2016. Plaintiff may pay the remainder of the filing fee over time as detailed at the end of this order.

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for a plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

2

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980).  I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

According to plaintiff's complaint, he was in a motorcycle accident on October 30, 2014, that required he have surgery. His lower leg was broken in two places, so a titanium rod secured with numerous screws was inserted. The plaintiff was ordered to have minimal movement for the first few weeks, regular office visits, x-rays to ensure proper healing, medication for pain and blood clot protection, and physical therapy.

Plaintiff was released from the hospital on November 1, 2014, and arrested on November 10, 2014.  He was booked into the Brown County Jail, and held there until his transfer to the Department of Corrections (DOC) on June 15, 2015. Plaintiff states that while he was at the Jail, his pain medication was discontinued and changed, the staples in his wound were removed by the health services staff, he had minimal follow-up and x-rays to verify proper healing, he had no physical therapy or contact with the surgeon, and he saw the Jail doctor only one time.

Upon transfer to the DOC, he had a full body physical and medial consultation. Plaintiff complained about the pain and mild deformity of his leg.  Plaintiff alleges he was informed that the leg had not been properly cared for and as a result did not heal properly.

3

He states that he was told the leg would have to be rebroken and reset followed by proper care and physical therapy. Plaintiff states he "will almost surely be left with constant pain and limited activity due to this injury and lack of proper medical attention." (Docket #1 at 3.) Although it appears plaintiff may HAVE an Eighth Amendment claim of deliberate indifference to a serious medical need, plaintiff fails to identify a proper defendant. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996) (emphasis added) (quoting Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994)). In other words, §1983 makes public employees liable "for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir.2009). Further, §1983 does not allow plaintiffs to sue supervisors for the violations of their subordinates. See Pacelli v. DeVito, 972 F.2d 871, 878 (7th Cir. 1992); West By and Through Norris v. Waymire, 114 F.3d 646, 649 (7th Cir. 1997). Nor does §1983 create liability for groups or allow a plaintiff to sue one person for another's actions. See Pacelli v. DeVito, 972 F.2d 871, 877-78 (7th Cir. 1992).

Here, plaintiff does not identify the particular defendants who he alleges violated his constitutional rights. Plaintiff names the Brown County Jail and the Health Services Department, but these are not individuals, they are entities and/or groups of people that may or may not have had contact with plaintiff. Plaintiff also names Doe defendants, but he does not clarify who these Does are: Doctors? Nurses? Nurse practitioners? While it is permissible for plaintiff to proceed without knowing the proper name of a Doe defendant, he must connect each Doe defendant with particular actions or inactions so that I can

4

determine whether plaintiff states a claim against that unnamed person. (If I determine that plaintiff does state a claim against a Doe defendant, I will permit plaintiff to use limited discovery to identify the name(s) of the individual(s).)

Accordingly, while I will not allow the plaintiff to proceed on the original complaint filed on December 23, 2015, I will allow plaintiff to file an amended complaint that specifically identifies individuals who are responsible for the misdeeds alleged in plaintiff's complaint. Again, plaintiff does not need to identify the proper names of the individuals in his amended complaint, but he does have to clarify how "John Doe 1" violated his rights, how "John Doe 2" violated his rights, etc.

Any amended complaint will "supersede," or take the place of, plaintiff's original complaint. For that reason, any claims or facts that plaintiff does not include in the amended complaint will be, in effect, withdrawn. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1057 (7th Cir. 1998) (citing Fuhrer v. Fuhrer, 292 F.2d 140, 144 (7th Cir. 1961)). If plaintiff files an amended complaint, it will become the operative complaint in this case, and I will screen it in accordance with 28 U.S.C. §1915A.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed without prepaying the full filing fee (Docket #2) is **GRANTED**.

**IT IS ALSO ORDERED** that plaintiff's complaint (Docket #1) is **DISMISSED**.

**IT IS FURTHER ORDERED** that on or before **March 28, 2016,** plaintiff may file an amended complaint curing the defects in the original complaint as described in this order. If plaintiff chooses not to file an amended complaint by **March 28, 2016**, I may dismiss his case pursuant to Local Civil Rule 41(c) based on his failure to prosecute.

5

**IT IS ALSO ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $342.89 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**IT IS ALSO ORDERED** that plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. Plaintiff should also retain a personal copy of each document filed with the court.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

6

In addition, plaintiff must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting legal rights.

Dated at Milwaukee, Wisconsin, this 26th day of February, 2016.

s/ Lynn Adelman

_____

LYNN ADELMAN
District Judge

7