UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**CHRISTOPHER T. DEDALIS**,

  **Plaintiff,**

v.                **Case No. 15-CV-1543**

**JOHN AND JANE DOES,**

  **Defendants.**
_____

## ORDER
_____

On April 29, 2016, I screened plaintiff's second amended complaint and allowed him to proceed on his claims against four Doe defendants. Because he did not know the proper names of the defendants, I also ordered service of the second amended complaint on Brown County Sheriff John Gossage, so that plaintiff could conduct limited discovery to determine their proper names. Plaintiff was required to substitute the Does' proper names by October 14, 2016, or explain why he was unable to do so.

On October 5, 2016, plaintiff filed a motion to compel. He explains that he mailed limited discovery requests to Gossage's attorney more than forty-five days ago, but he received no response. He asks me to compel Gossage to respond to his requests.

Civil Local Rule 37 requires parties to first attempt to work out a discovery dispute informally, amongst themselves, before involving the court. If that is unsuccessful, a party may file a motion to compel, but the motion must include a certification that efforts to informally resolve the dispute failed. This rule exists because parties are often able to reach an agreement before involving the court, which saves both the parties and the court time and resources.

Plaintiff's motion to compel does not indicate if he tried to resolve this dispute with Gossage's attorney before he filed his motion, so I will deny his motion at this time. The plaintiff should send a letter (or call, if he is able to) to Gossage's counsel (Samuel C. Hall, Jr., Crivello Carlson SC, The Empire Building, 710 N. Plankinton Ave., Suite 500, Milwaukee, WI 53203-2404) in an effort to address his concerns about his unanswered requests. If that is unsuccessful, he may refile his motion. I expect the parties will be able to work this out without my involvement.

In order to allow plaintiff sufficient time to contact Gossage's counsel and obtain the information he needs, I will extend the deadline by which he must file a motion to submit the proper names for the Doe placeholders. Plaintiff must file such a motion—or explain why he is unable to do so—by November 14, 2016.

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion to compel (Docket #16) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff must identify the Doe defendants or inform the court why he is unable to do so by November 14, 2016. If he does not, the court may dismiss his action based on his failure to diligently pursue it.

Dated at Milwaukee, Wisconsin, this 12th day of October, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge